UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA RENEE CHUNGLO-STEWART,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | NO.  C2:13-CV-01872-JCC-JLW<br><br>REPORT AND RECOMMENDATION |

<u>BASIC DATA</u>

Type of benefits sought:

    (X) Supplemental Security Income – Disability

Plaintiff:

    Sex: Female

    Age: 41 at amended alleged onset date, 42 at ALJ hearing

Principal Disabilities Alleged by Plaintiff:  Right knee pain with crepitus, personality disorder with borderline and anti-social features, substance abuse disorder.

Disability Allegedly Began: original date February 3, 2003, amended date May 5, 2011

Principal Previous Work Experience: receptionist, bookkeeper

Plaintiff Last Worked: unclear, possibly January 2009

Education Level Achieved by Plaintiff: GED obtained in Junior year of high school

REPORT AND RECOMMENDATION - 1

PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ:

    Date of Hearing: March 5, 2012

    Date of Decision: March 14, 2012

    Appears in Record at: Decision AR 23-43, Hearing Transcript AR 50-116

    Summary of Decision:

    Claimant has not engaged in substantial gainful activity since the amended onset date of May 5, 2011. She has severe impairments of right knee pain with crepitus, personality disorder with borderline and anti-social features, and substance abuse disorder in reported remission. These impairments separately and combined do not qualify under the Listings. She has a Residual Functional Capacity (RFC) to perform medium work with non-exertional mental capacity limitations. She has the ability to perform simple and some well-learned complex tasks. She is capable of superficial interaction with the public and occasional contact with co-workers. She would perform best with work involving a stable routine. Claimant has some past work as a receptionist or bookkeeper but due to her RFC she is unable to perform that past work. She is a younger individual age 18-49 with at least a high school education and ability to communicate in English. Claimant's mental limitations due not unduly reduce the capacity to perform unskilled work. Based on the Medical-Vocational Guidelines claimant is not disabled.

Before Appeals Council:

    Date of Decision: August 8, 2013

    Appears in Record at: AR 1-6

    Summary of Decision: declined review

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

RECOMMENDATION OF

UNITED STATES MAGISTRATE JUDGE

    (X)  Affirm

REPORT AND RECOMMENDATION - 2

## SUMMARY OF RECOMMENDATION

Plaintiff cannot demonstrate changed circumstances to overcome the presumption of non-disability from a previous disability application. *Res Judicata* applies and the ALJ did not err by incorporating the previous ALJ decision. The ALJ also did not err in evaluating the weight of lay and medical evidence. Finally, the Plaintiff's non-exertional limitations were not so severe as to preclude use of the Medical-Vocational Guidelines. Reversal is not warranted. The decision of the Commissioner should be affirmed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## EVALUATING DISABILITY

As the claimant, Ms. Chunglo-Stewart bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

## ISSUES ON APPEAL

1. Did the ALJ improperly rely on a prior ALJ decision to reject the claim?
2. Did Plaintiff meet the 12-month durational requirement?
3. Did the ALJ properly reject the opinions of mental health providers?
4. Did the ALJ err by relying on the Medical Vocational Guidelines?

REPORT AND RECOMMENDATION - 4

DISCUSSION

A.   *Res Judicata*

Plaintiff was previously denied SSI benefits for the period October 21, 2005 through the ALJ decision date of September 30, 2008. The current ALJ decision incorporates the prior decision into the analysis, with specific reference to credibility assessment and assessment of opinions. AR 23. Plaintiff argues that the current ALJ improperly relies on the prior decision.

*Res judicata* applies to administrative decisions, but should not be rigidly applied. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). "In general, when the Commissioner has denied an earlier application by the claimant, his conclusion creates a presumption of nondisability." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000). To overcome this presumption, the claimant must demonstrate "changed circumstances," indicating greater disability. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). "Changed circumstances" include an increase in severity of impairment, change in age category, or an issue not previously considered. *Lester*, 81 F.3d at 827. Here, Plaintiff claims that being clean and sober creates a changed circumstance precluding application of *res judicata* to her second SSI application.

The ALJ noted that "[t]he only changed circumstance which might take this case outside the ambit of Social Security Ruling 97-4(9), and *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), is that she is not [sic] sober. Nonetheless, the assessment of the remaining issues of the case appear deserving of *res judicata* effect. Notably, claimant has no credibility." AR 23 n. 1. Case manager reports in the record demonstrate that Plaintiff's mental health issues are independent of her substance abuse issues. "Client's psychiatric symptoms are moderate to severe, mostly stable and not primarily related to substance abuse." AR 690, 694. Also, she has "moderate to severe psychiatric symptoms [which] are primary and independent of substance

REPORT AND RECOMMENDATION - 5

dependence." AR 726. Because her mental health issues are assessed as independent of her substance abuse, being clean and sober is not a changed circumstance that would impact her mental impairments.

Plaintiff also alleges worsening mental health. However, records from November 2011-January 2012 state that Plaintiff's symptoms are moderate, improved, and stable. AR 711-712, 709, 716, 717. She was also showing continued and significant progress. AR 711-712, 709, 716, 717.  These positive progress notes demonstrate improving rather than worsening mental health. Plaintiff fails to show changed circumstance demonstrating increased impairment. *Res judicata* applies. The ALJ did not err by incorporating the analysis and findings of the prior ALJ's decision.

B.     Durational Requirement

The ALJ concluded that the amended onset date of May 5, 2011, a mere 10 months prior to the ALJ hearing, meant that Plaintiff did not meet the 12 month durational requirement. AR 26. Plaintiff claims this was a misapplication of 20 C.F.R. § 416.905 which states that disability is "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Because Plaintiff's case manager stated that her mental impairments were expected to last more than 12 months, she satisfied the durational requirement. AR 513.

The Court agrees that the ALJ erred. But, an error is harmless "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ completed the five step analysis and found that plaintiff was not disabled.  The error as to the durational requirement  had no impact on the ALJ's final decision, and was therefore harmless.

REPORT AND RECOMMENDATION - 6

C. <u>Opinion Evidence</u>

*1. Lay Witnesses*

Plaintiff claims that the ALJ erroneously disregarded the opinion evidence of her mental health providers. Rodney Purdy, CDP, MH, is her chemical dependency counselor and mental health provider, and Sheila Johansen, ARNP, is her nurse practitioner. Both of these mental health providers are "other sources" under 20 C.F.R. § 404.1513(d)(1) and provide lay witness testimony. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis*, 236 F.3d at 503 (internal citations omitted).

The ALJ accorded no weight to the opinions of Mr. Purdy and Ms. Johansen that Plaintiff had several "marked" limitations in concentration and persistence, ability to complete a normal work day, and ability to interact appropriately with others. AR 37, AR 486. Mr. Purdy also opined that Plaintiff had severe symptoms of mania, social withdrawal, and anxiety that predate her substance use. AR 512. The ALJ stated that these statements are "not at all consistent with the claimant's longitudinal history," and "inconsistent with Mr. Purdy's recent treatment of the claimant." AR 37-38.

Mr. Purdy's case notes concerning his visits with Plaintiff after her sobriety date do not support the severity of the symptoms he alleges. In November 2011, Mr. Purdy's assessment says "[c]lient is stable, eye contact good, hygiene good. Affect is full, mood positive. Thoughts are logical and connected and client has improved insight and judgment. Continues to make significant progress." AR 716. He also states that Plaintiff's psychiatric symptoms were "moderate, improved and stable" and she was stable on her medications. AR 717. Plaintiff continued to show good progress and stability in December 2011. AR 711-712. And the

REPORT AND RECOMMENDATION - 7

positive assessments continue into January 2012, when Plaintiff is "[m]aking significant progress." AR 709.

These positive evaluations differ from the reported severe limitations. Substantial evidence supports the finding of a discrepancy between Mr. Purdy and Ms. Johansen's assessment and the treatment notes.  This discrepancy is a germane reason to discount lay witness testimony. The ALJ did not err in the assessment of these opinions.

### 2. *Medical Evidence from Psychiatrist*

Dr. Mary Bartels, a psychiatrist, co-signed a September 2011 DSHS evaluation form completed by Mr. Purdy. AR 514. Generally, medical opinions are afforded significant weight and require clear and convincing evidence for rejection. *Lester*, 81 F.3d at 830. Here, the ALJ afforded no weight to the co-signing psychiatrist because Mr. Purdy was the examiner and "[t]here is no evidence to indicate that this person had any significant involvement with the claimant." AR 38. Indeed, the voluminous medical records from Sound Mental Health include no other reference to Dr. Mary Bartels. AR 517-622, 676-736. There is no evidence that Dr. Bartels ever engaged with or evaluated Plaintiff. As a result, the ALJ gave a clear and convincing reason for according no weight to her signature.

### D. Medical-Vocational Guidelines

At step five, the burden shifts to the agency to "the claimant can perform a significant number of other jobs in the national economy." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).  This burden can be met by the use of vocational experts or reference to the Medical-Vocational Guidelines. *Id*. Here, the ALJ consulted the Medical-Vocational Guidelines and concluded that Plaintiff was not disabled. AR 39. Plaintiff contends that her non-exertional limitations preclude use of the Medical-Vocational Guidelines and that the ALJ erred by failing to call a vocational expert.

Use of the Guidelines is justified only where the claimant can perform the full range of jobs in the category. *Tackett*, 180 F.3d at 1101. Significant non-exertional limitations may make reliance on the Guidelines inappropriate. *Id*. at 1101-02. To determine the applicability of the Guidelines, the ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations. *Id*. at 1102. The ALJ's decision states that, "claimant retains the capacity to perform substantially all of the above referenced unskilled, medium, light, and sedentary *unskilled* work, *i.e.*, the universe of which the Guidelines take administrative notice, *has not been significantly eroded* by claimant's nonexertional limitations." AR 41. Plaintiff disagrees with the assessment, contending that her mental limitations are severe enough to preclude use of the Guidelines.

Plaintiff refers to the opinion evidence from Mr. Purdy and Ms. Johansen to support her claim of severe mental limitations. These lay witnesses cited moderate, marked, and severe impairments. AR 511-13. As discussed above, the ALJ gave germane reasons for according these opinions very little weight. Instead, the ALJ determined that Plaintiff had moderate difficulties with social functioning. She was cooperative, made eye contact, laughed, smiled and joked appropriately. As discussed above, her case manager's records show improvement and progress. AR 29. The ALJ found that Plaintiff has mild difficulties with concentration, persistence or pace. AR 29. She has "at least average abilities" and no limitations in her ability to understand, remember, and persist following simple and complex instructions. AR 29. The ALJ also remarked that Plaintiff "was glib and organized in her testimony." AR 29.

Given the evidence cited, substantial evidence supports the ALJ's determination that the mental limitations were not "'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations." *Hoopai v. Astrue*, 499 F.3d 1071,

1075 (9th Cir. 2007). As a result, the ALJ did not err by relying on the Medical-Vocational Guidelines and not calling a vocational expert.

## CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the case DISMISSED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect your right to appeal.

If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 11th day of July, 2014.

JOHN L. WEINBERG
United States Magistrate Judge